NOT RECOMMENDED FOR PUBLICATION
File Name: 08a0295n.06
Filed: May 28, 2008

No. 05-2743

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

JOSEPH BENJAMIN TAYLOR, III,

    Petitioner-Appellant,

v.

UNITED STATES OF AMERICA,

    Respondent-Appellee.

On appeal from the United States District Court for the Western District of Michigan

                                       /

BEFORE:    RYAN, SILER, and COLE, Circuit Judges.

    RYAN, Circuit Judge.    The petitioner appeals the district court's judgment dismissing his motion to vacate his sentence under 28 U.S.C. § 2255, arguing that he was denied his right to trial counsel as guaranteed by the Sixth Amendment. We conclude that the petitioner was not denied effective assistance of counsel and we will affirm the district court's judgment.

**I.**

    Joseph Benjamin Taylor, III, was indicted on four counts of trafficking in cocaine and marijuana and one count of possessing a firearm as a convicted felon. During the jury voir dire, the prosecutor used one of his peremptory challenges to exclude the only African-American then remaining on the jury venire. Taylor promptly objected, citing Batson v. Kentucky, 476 U.S. 79 (1986). The prosecutor gave several non-race related reasons for

excluding the juror, and Taylor responded that the prosecutor's reasons were pretextual. The district court denied the Batson challenge and told Taylor that he could renew his objection after a full jury was selected, but before they were seated.

After the jury was seated, Taylor informed the court that he wanted to renew his Batson challenge. The trial judge ruled that the objection was untimely, and stated that, in any event, he would have denied the objection as meritless. At the trial's conclusion, the jury returned a guilty verdict against Taylor on all five counts in the indictment and the court sentenced him to a total of 420 months' imprisonment. Taylor now appeals.

## II.

Taylor argues that his attorney's failure to renew the Batson challenge before the jury was seated denied him his Sixth Amendment right to the effective assistance of counsel. A defendant claiming he was denied his constitutional right to receive reasonably effective assistance of counsel must demonstrate both that his attorney's conduct was constitutionally deficient and that he was prejudiced by the deficient performance. Strickland v. Washington, 466 U.S. 668, 687 (1984).

## III.

Assuming without deciding that the Batson challenge was made untimely and that counsel was therefore deficient, it is clear that Taylor suffered no prejudice because the district court ruled that it would have denied the Batson objection even if it had been timely asserted. To establish that he was prejudiced by his counsel's error, Taylor "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Since the

untimeliness of the objection did not affect the outcome of the proceeding, we conclude that Taylor was not denied effective assistance of counsel, and accordingly affirm the district court's judgment.

We acknowledge that the Eleventh Circuit has adopted an "outcome on appeal" approach in evaluating ineffective assistance of counsel claims where the allegedly deficient conduct resulted in a failure to preserve an issue for appellate review.  See Davis v. Sec'y for Dep't of Corrections, 341 F.3d 1310 (11th Cir. 2003).  We decline to adopt this approach.

**IV.**

We **AFFIRM** the district court's judgment.