[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11130

Non-Argument Calendar

_____

JUSTIN WILLIS,

Petitioner-Appellant,

*versus*

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:20-cv-00594-GKS-GJK

_____

Before NEWSOM, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Justin Willis, a Florida prisoner, asks us to consider whether a district court erred by denying his petition for habeas corpus. He argues that the state court unreasonably applied clearly established federal law when it denied his ineffective assistance of counsel claim. But the district court rightly found that the state court reasonably determined Willis did not suffer prejudice. Accordingly, after a careful review, we affirm.

**I.**

A jury convicted Justin Willis of murder and robbery in 2012. After he was sentenced to life in prison, he challenged his conviction by arguing that his counsel, Leslie Sweet, ineffectively assisted him during trial. As relevant to this appeal, she did not object when the trial judge mistakenly limited Willis to nine peremptory challenges, preventing him from excluding a juror who had been the victim of a bank robbery. Sweet also failed to preserve that issue for appeal.

The state court disagreed that Sweet ineffectively assisted Willis and denied him any postconviction relief. So he petitioned the federal district court for a writ of habeas corpus. But, again, he faced resistance. The district court concluded that the state court reasonably applied clearly established law in denying his ineffective assistance claims and denied his petition.

22-11130                Opinion of the Court                3

We granted a certificate of appealability on one issue: "[d]id Willis's trial counsel provide ineffective assistance, under *Strickland v. Washington*, 466 U.S. 668 (1984), during jury selection with respect to Willis's peremptory challenges, and by failing to preserve for appellate review any issue with the peremptory challenges?"

## II.

We review a district court's denial of a petition for a writ of habeas corpus *de novo*. *Bester v. Warden*, 836 F.3d 1331, 1336 (11th Cir. 2016). But we review only those issues specified in the certificate of appealability. *Hodges v. Att'y Gen., State of Fla.*, 506 F.3d 1337, 1340–42 (11th Cir. 2007). And although the parties also disagree whether Willis properly exhausted his claim in state court under 28 U.S.C. § 2254(b)(1)(A), we can skip that question if the petition is easier to deny on the merits. *Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015).

## III.

As relevant here, under the Antiterrorism and Effective Death Penalty Act, a district court cannot grant a state prisoner's petition for a writ of habeas corpus unless the state court unreasonably applied clearly established federal law as determined by the Supreme Court. *See* 28 U.S.C. § 2254(d)(1). Willis argues that the state court unreasonably applied clearly established law when it decided that Sweet effectively assisted him. We disagree.

A petitioner claiming ineffective assistance must establish that his counsel's performance was deficient and that the deficiency

prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). For the deficient performance component, he must establish that his counsel so seriously erred that counsel did not function like one guaranteed by the Sixth Amendment. *Id*. For the prejudice component, he must establish that his counsel's errors were so serious that they deprived him of a fair, or reliable, trial. *Id*. In other words, he needs to establish that there is a reasonable probability that, but for his counsel's errors, the trial's outcome would be different. *Id*. at 694.

Willis argues the state court unreasonably applied clearly established federal law in deciding that he did not demonstrate prejudice from his counsel's failure to object when the trial judge mistakenly limited him to nine peremptory challenges. Willis says, but for Sweet's errors, he would have been able to exclude juror fourteen, which he argues would have changed the trial's outcome. But he points to nothing in the record that establishes that juror fourteen held any bias against him, nor that this bias may have affected the outcome of his trial.

Willis contends *Garza v. Idaho* holds that "no showing of prejudice is necessary 'if the accused is denied counsel at a critical stage of his trial.'" 139 S. Ct. 738, 744 (2019) (citing *United States v. Cronic*, 466 U.S. 648, 659 (1984)). And, citing *Peretz v. United States*, 501 U.S. 923, 934 (1991), and *Gomez v. United States*, 490 U.S. 858, 873 (1989), he says jury selection is a critical stage.

But *Garza* and *Cronic* refer to situations when a defendant has no legal assistance, not when counsel is subpar. *See Cronic*, 466

U.S. at 659 n.25 (noting that "[t]he Court has uniformly found constitutional error without any showing of prejudice when counsel was either totally absent, or prevented from assisting the accused during a critical stage of the proceeding"). Sweet assisted Willis during jury selection—just maybe not as well as he would have liked.

Willis next argues that the state court unreasonably ignored several federal court precedents—*Garza*, 139 S. Ct. 738, *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), and *Davis v. Sec'y, Fla. Dep't of Corr.*, 341 F.3d 1310 (11th Cir. 2003). Taken together, he argues they suggest that a petitioner can establish ineffective assistance if his appeal suffered from his trial counsel's error. Because Sweet failed to preserve the peremptory challenge issue for appeal, he argues his appeal was adversely affected, granting him a valid ineffective assistance claim.

We disagree. The state court's decision is not unreasonable under *Garza* or *Flores-Ortega*. To meet the "unreasonable application" standard, "a prisoner must show far more than that the state court's decision was merely wrong or even clear error." *Shinn v. Kayer*, 141 S. Ct. 517, 523 (2020) (quotation marks omitted). The decision must be "so obviously wrong that its error lies beyond any possibility for fairminded disagreement." *Id.* (quotation marks omitted). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fair-minded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quotation marks omitted).

It is true that *Garza* and *Flores-Ortega* hold that "prejudice is presumed 'when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken.'" *Garza*, 139 S. Ct. at 744 (quoting *Flores-Ortega*, 528 U.S. at 484). But this reasoning can be interpreted in two ways. First, we could presume prejudice when the outcome of the defendant's appeal is adversely affected. Second, we could presume prejudice when the defendant is deprived of any appellate proceeding at all.

In *Davis*, we arguably adopted the former position. 341 F.3d at 1316. But our decision in *Davis* does not reflect clearly established law under AEDPA. The question under AEDPA is whether a state court unreasonably applied clearly established federal law as determined by the Supreme Court. *See* 28 U.S.C. § 2254(d)(1). *Davis* is not a Supreme Court precedent. And, in *Davis*, we did not apply AEDPA. Instead, we held on *de novo* review that a lower court erred when it denied a habeas petition that raised ineffective assistance of counsel for the failure to preserve a *Batson* claim. We explained that "the likelihood of a different outcome on appeal is the appropriate focus of our inquiry" and held that it was unnecessary for a petitioner to establish the likelihood of a different trial outcome. *See Davis*, 341 F.3d at 1316. Our decisions on *de novo* review are not controlling for purposes of AEDPA. *See Hammond v. Hall*, 586 F.3d 1289, 1340 n.21 (11th Cir. 2009). And we later recognized that our decision in *Davis* is difficult to square with the Supreme Court's precedents. *See Purvis v. Crosby*, 451 F.3d 734, 739 (11th Cir. 2006).

For its part, the Florida Supreme Court has plainly adopted the latter interpretation of *Garza* and *Flores-Ortega*. In *Carratelli v. State*, 961 So. 2d 312, 322–23 (Fla. 2007), it thoughtfully engaged with this issue. Specifically, the Florida Supreme Court explained how its position was consistent with *Flores-Ortega*. It explained that *Flores-Ortega* still "requir[ed] a showing of actual prejudice … when the proceeding in question was presumptively reliable." 961 So. 2d at 322 (quoting 528 U.S. at 484). Under *Flores-Ortega*, courts only "presum[ed] prejudice with no further showing from the defendant of the merits of his underlying claims when the violation of the right to counsel rendered the proceeding presumptively unreliable or entirely nonexistent." *Id.* (quoting 528 U.S. at 484). So the Florida Supreme Court concluded that the Supreme Court did not actually hold that prejudice should be presumed based on the outcome of an appeal. *Id.* at 323. Instead, it thought the Supreme Court meant "prejudice may be presumed when the defendant essentially was deprived of any proceeding at all." *Id.*

We cannot say the Florida Supreme Court's interpretation of these precedents is unreasonable. At least one circuit has echoed its approach. *See Taylor v. United States*, 279 F. App'x 368, 369 (6th Cir. 2008). And another recognized the debate and concluded that both positions are reasonable. *See Kennedy v. Kemna*, 666 F.3d 472, 486 (8th Cir. 2012).

We make no comment about who is right about these precedents. We conclude only that the Florida Supreme Court's position is not so unreasonable as to be beyond the possibility of fair-

minded debate. *Harrington*, 562 U.S. at 101. Accordingly, the state court did not unreasonably apply clearly established federal law as determined by the Supreme Court when deciding that Willis needed to demonstrate prejudice for his ineffective assistance claim. Because we cannot say the state court unreasonably decided that Willis cannot demonstrate prejudice, we need not consider Sweet's alleged deficient performance. *See Strickland*, 466 U.S. at 697.

## IV.

For the reasons above, the district court is **AFFIRMED.**